# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Ranada Echols, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**WITH JURY TRIAL DEMAND** |
| Ally Financial, Inc., | |
| Defendant. | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Ranada Echols, is a natural person who resides in Dekalb County, Georgia.

2. Defendant, Ally Financial, Inc., is a corporation formed under the laws of the State of Delaware, headquartered in Michigan, and registered to do business in

the State of Georgia. Ally Financial, Inc. may be served with process via its registered agent, C T Corporation System, at 1201 Peachtree Street NE, Suite 1240, Atlanta, Georgia 30361.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in

the Atlanta Division because the conduct complained of herein occurred in Dekalb County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 678-***-8319 (the "Cell Phone").

8. Beginning no later than March 14, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged consumer debt owed by Plaintiff.

9. Defendant alleged in its calls to Plaintiff that she owed a balance on a vehicle that she had purchased with a loan through the Defendant's auto financing service.

10. In March of 2015, Plaintiff was involved in an automobile accident with the aforementioned vehicle. Her insurance company determined that it was "totaled" and, upon information and belief, paid the fair market value of the vehicle to Defendant.

11. More than one year after the accident, Defendant began contacting Plaintiff for the alleged deficiency that remained after her insurance paid her claim.

12. Defendant's calls to Plaintiff were made from phone numbers 800-241-0172, 888-650-4831, and 888-235-9513.

13. The phone numbers set forth in Enumeration 12 are numbers that are utilized by, under the control of, or belong to Defendant.

14. From March 14, 2016 to the date of this filing, Plaintiff has received at least forty-six (46) similar calls from Defendant.

15. When she answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

16. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

17. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

18. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent no later than March, 2016.

19. Further emphasizing her revocation of consent, Plaintiff caused to be sent a "Cease and Desist" letter to Defendant on April 21, 2016 by USPS Certified Mail, tracking number 9171 9690 0935 0104 6564 21.

20. The letter was delivered to Defendant on April 25, 2016.

21. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

22. Nonetheless, after receiving verbal and written revocation of consent, Defendant made at least thirteen (13) additional calls to Plaintiff's Cell Phone.

23. Moreover, Defendant explicitly told Plaintiff in its calls that they would disregard her revocation of consent and continue to call her until the alleged debt was paid.

24. Defendant's calls to Plaintiff had no emergency purpose.

25. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

26. Defendant used multiple outgoing phone numbers to contact Plaintiff, making it impossible for Plaintiff to block and/or avoid the calls. Moreover, Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

27. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

28. Plaintiff carries her cell phone at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

29. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

31. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

32. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

33. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

35. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

**COUNT II**

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**

## O.C.G.A. § 10-1-393(a)

36. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

37. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

38. It was unfair for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

39. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

40. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

41. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

42. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and is done on a wide scale.

43. Defendant's conduct amounts to an unfair business practice.

44. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

45. Plaintiff sent a written demand for relief to Defendant more than 30 days prior to filing this action, in accordance with O.G.C.A. § 10-1-399 (b), and Defendant did not respond.

46. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

48. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

49. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

50. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Actual damages;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 11th day of July, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Paul J. Sieg
Georgia Bar No.: 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600

Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*